Curia, 'per Dunkin, Ch.
It is not proposed to discuss, seri-atim, the grounds of appeal from the several decrees which have been pronounced in this case.
The complainants’s first ground of appeal was that which was most pressed upon the consideration of the court, both here and at the circuit, to wit, that the defendants’s intestate had been credited with the whole of Mrs. S. Brummet’s estate, whereas he was entitled only to one third, as he took possession of the same without an administration.
Mrs. S. Brummet died intestate in 1832 or 1833, leaving as *23 her only distributee and next of kin, her daughter, Mrs. Mc-Meekin, the wife of defendant’s intestate. McMeekin took possession of the estate and held it. His wife died in February, 1835. It is insisted on the part of the complainants, that the marital rights of McMeekin never attatched,. and that the complainants are entitled to two thirds in right of their deceased mother Mrs. McMeekin.
Marsh vs. Nail was decided by the Court of Appeals, at Columbia, in January, 1832. Dicey Glover died intestate in November 1823, leaving, as her only distributee, Sarah Nail, the wife of John Nail. On the death of Mrs. Glover, John Nail took possession of her property without administration or other legal authority (in the language of the decree) and held it till his death in November 1825. His widow, in October, 1826, intermarried with John Marsh, who took out letters of administration on Mrs. Glover’s estate and claimed the property. It was not alleged that there were any debts of her estate. Chancellor Desaussure held that the marital rights of Nail had attached, and that, under the circumstances, no administration was necessary. In affirming the decree of the Chancellor, the Appeal Court say, it would be very unreasonable to require an administration where there were no debts, where the wife was the only distributee, and there could be no partition. Mutate nomine, that is this case. The whole court, consisting of Justices John-soN, O’Neall and Martin, concurred in the judgment. In Spann vs. Jennings, 1 Hill Ch. 324, Chancellor Harper, recognizing the authority of March vs. Nail, says, “James L. Spann was entitled to the administration in right of his wife. But to what purpose should he have administered'l There were no debts to pay, and no distribution to be made. Was it simply that he might take possession in his own right ? That would have been going through merely a nugatory ceremony. Or if any other person had administered, could the property have been recovered from him 1 No. By going into Equity and shewing that there were no debts, and that his wife was exclusively entitled, a recovery at law would have been restrained. In every point of view, then, administration would have been superfluous.” But if a nominal administrator would be restrained, on the ground that there were no debts, can the complainants make a better case 1 If, as in Marsh vs. Nail, the claim of the wife surviving was rejected, can the distributees of the wife be entitled to more favor 1 We think not.
*24 The fourth ground of appeal insists that the defendant should . not have been allowed for the board and maintainance of Lewis’s children, when he had often declared that he did not intend to charge board. The court is quite satisfied with the principles of the decree of June, 1840. No allowance is made for board while the family and their property were kept together. After the land was sold and the negroes hired out, board is charged and allowed. The referee thought the declarations of the intestate related only to the former period, and the court sees no cause to question the correctness of his conclusion.
It is also insisted, that the defendant’s intestate should have been charged with the rent of the land and ferry from 1830 to 1836. The court is constrained to say, that this objection comes too late. The report of the commissioner was made in 1842 ; many exceptions were taken, but no objection was made on this ground. So far as the exceptions made were not sustained, that report became the judgment of the court. The door of litigation must at some time be closed. It is a relief to the court to feel, that although the complainants are not now permitted to agitate this question, they have, probably, no cause to complain of the general result in regard to the ferry and the land.
And in this connexion it may be as well to consider the defendant’s ground of appeal, to wit; that the intestate was charged with the advanced price for which he sold the land, instead of the price at which he had bid it off at the Commissioner’s sales.
At the first sale, the intestate bid olf the land for $1500 ; at the second sale, for $1100. According to the lowest estimate placed by any of the witnesses, the land was, at that time, worth $1720, or $4 per acre. There seems, then, no ground whatever to maintain that the intestate should only be charged with the sum at which he had bid off the land. But he acted in good faith, and a difference of opinion may well exist as to the sum with which he should be charged. Five or six years after-wards he sold the land to Henry Rogers for $3000. Out of the fifteen witnesses examined, seven regarded this sum as a fair price for the premises in 1830, when it was bid off by the intestate. • Others thought less. The Chancellor, regarding the onus of proof as on the defendant, and that the intestate ought not to make any profit out of those standing in the relation of the complainants, has fixed the amount to be paid at $3000. The average price-, at the sums fixed by the witnesses, would be *25 $2548. But this would be a very unsatisfactory standard. We might send back the case for further examination before the referee, but the defendant prefers that this protracted litigation should be closed, if there be no other ground for opening the report.
The complainants’s eighth ground of appeal is well taken. The referee has allowed $4 as costs paid to the commissioner on each return of a guardian. The Commissioner is entitled only to one dollar, as was decided in Prince vs. Logan, Speers Eq. 29. In this respect, the referee must correct the account filed with his report. But this is a mere ministerial act of the commissioner or referee, which does not require the further interference of the court.
On all the other grounds taken, both by complainants and defendant, the appeal is dismissed, and it is further ordered and decreed, that each party pay his own costs.
Harper and Johnston, CC. concurred.